**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, | ) | |
| Plaintiff, | ) | Case No. ______________ |
| v. | ) | JURY TRIAL DEMANDED |
| AQUANTIA CORP., LIP-BU TAN, FARAJ AALAEI, DMITRY AKHANOV, BAMI BASTANI, KEN PELOWSKI, GEOFFREY G. RIBAR, SAM SRINIVASAN, and ANDERS SWAHN, | ) | CLASS ACTION |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on May 6, 2019 (the "Proposed Transaction"), pursuant to which Aquantia Corp. ("Aquantia" or the "Company") will be acquired by Marvell Technology Group Ltd. ("Parent") and Antigua Acquisition Corp. ("Merger Sub," and together with Parent, "Marvell").

2. On May 6, 2019, Aquantia's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Marvell. Pursuant to the terms of the Merger Agreement, Aquantia's stockholders will receive $13.25 in cash for each share of Aquantia common stock they own.

3. On May 29, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Aquantia common stock.

9. Defendant Aquantia is a Delaware corporation and maintains its principal executive offices at 91 E. Tasman Drive, Suite 100, San Jose, California 95134. Aquantia's common stock is traded on the New York Stock Exchange under the ticker symbol "AQ." Aquantia is a party to

the Merger Agreement.

10. Defendant Lip-Bu Tan is the Lead Director of the Board of the Company.

11. Defendant Faraj Aalaei is President, Chief Executive Officer, and Chairman of the Board of the Company.

12. Defendant Dmitry Akhanov is a director of the Company.

13. Defendant Bami Bastani is a director of the Company.

14. Defendant Ken Pelowski is a director of the Company.

15. Defendant Geoffrey G. Ribar is a director of the Company.

16. Defendant Sam Srinivasan is a director of the Company.

17. Defendant Anders Swahn is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Aquantia (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20. This action is properly maintainable as a class action.

21. The Class is so numerous that joinder of all members is impracticable. As of May 3, 2019, there were approximately 35,532,571 shares of Aquantia common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

26. Aquantia is a leader in the design, development, and marketing of advanced, high-speed communications ICs for Ethernet connectivity in the Data Center, Enterprise Infrastructure, Access, and Automotive markets.

27. The Company's products are designed to cost-effectively deliver leading-edge data speeds for use in the latest generation of communications infrastructure to alleviate network bandwidth bottlenecks caused by the growth of global IP traffic.

28. On May 6, 2019, Aquantia's Board caused the Company to enter into the Merger Agreement with Marvell.

29. Pursuant to the terms of the Merger Agreement, Aquantia's stockholders will receive $13.25 in cash for each share of Aquantia common stock they own.

30. According to the press release announcing the Proposed Transaction:

> Marvell Technology Group Ltd. (NASDAQ: MRVL), a leader in infrastructure semiconductor solutions, and Aquantia, Corp. (NYSE: AQ), a leader in Multi-Gig Ethernet connectivity, today announced a definitive agreement, approved by the boards of directors of both companies, under which Marvell will acquire all outstanding shares of Aquantia common stock in exchange for consideration of $13.25 per share in cash.
>
> The acquisition of Aquantia complements Marvell's portfolio of copper and optical physical layer product offerings and extends its position in the Multi-Gig 2.5G/5G/10G Ethernet segments. In particular, Aquantia's innovative Multi-gig automotive PHYs, coupled with Marvell's industry-leading gigabit PHY and secure switch products, creates the broadest and most advanced range of high-speed in-car networking solutions in the world. This unique combination accelerates Marvell's vision for the future of automotive networking with speeds necessary to enable level 4 and 5 autonomous driving. . . .
>
> The transaction is expected to be immediately accretive to Marvell's non-GAAP earnings per share and generate significant annual run-rate synergies of $40 million to be realized within 12 months after the transaction closes.
>
> Transaction Structure and Terms
>
> Under the terms of the definitive agreement, Marvell will pay Aquantia's stockholders $13.25 per share in cash. This represents approximately $452 million in transaction value after adjusting for net cash on Aquantia's balance sheet. Marvell intends to finance the transaction with cash on hand and revolver borrowings. The transaction is not subject to any financing condition and is expected to close by the end of CY2019, subject to regulatory approval as well as other customary closing conditions, including the adoption by Aquantia's stockholders of the merger agreement.
>
> In connection with the execution of the definitive agreement, certain stockholders of Aquantia, together holding approximately 17 percent of the outstanding shares of common stock of Aquantia, have agreed to vote their shares in favor of the transaction under a voting and support agreement. . . .

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

31. Defendants filed the Proxy Statement with the SEC in connection with the Proposed

Transaction.

32. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

33. The Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Barclays Capital Inc. ("Barclays").

34. The Proxy Statement fails to disclose all line items used to calculate EBITDAS.

35. The Proxy Statement fails to provide a reconciliation of all non-GAAP to GAAP metrics.

36. With respect to Barclays' Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the projected after-tax unlevered free cash flows used by Barclays in the analysis; (ii) the estimated terminal value of Aquantia; (iii) Barclays' basis for assuming a range of NTM adjusted EBITDAS exit multiples of 9.0x to 11.0x; (iv) the individual inputs and assumptions underlying the range of discount rates of 14.5% to 16.0% and the range of perpetuity growth rates of 3.0% to 5.0%; (v) net debt; and (vi) the fully diluted number of shares of Aquantia common stock.

37. With respect to Barclays' Equity Research Target Prices Review, the Proxy Statement fails to disclose: (i) the price targets for shares of Aquantia common stock; and (ii) the sources thereof.

38. With respect to Barclays' Transaction Premium Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by Barclays in the analysis; and (ii) the premiums paid in the transactions.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for Recommendation of our Board of Directors; (iii) Opinion of Aquantia's Financial Advisor; (iv) Summary of Material Financial Analyses; and (v) Certain Management Projections Utilized by Aquantia in Connection with the Merger.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Aquantia

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Aquantia is liable as the issuer of these statements.

44. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

45. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

46. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

47. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

48. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## <u>COUNT II</u>

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants**

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of Aquantia within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Aquantia and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the

power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

54. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 31, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*

Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com